Matter of Dahl (2024 NY Slip Op 00626)

Matter of Dahl

2024 NY Slip Op 00626

Decided on February 7, 2024

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
LILLIAN WAN, JJ.

2023-04893

[*1]In the Matter of Kenneth J. Dahl, admitted as Kenneth Joseph Dahl, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Kenneth J. Dahl, respondent. (Attorney Registration No. 2596807)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 23, 1994, under the name Kenneth Joseph Dahl.

Catherine A. Sheridan, Hauppauge, NY (Rose L. Dias of counsel), for petitioner.

PER CURIAM.

OPINION & ORDER
On May 23, 2023, the Grievance Committee for the Tenth Judicial District personally served the respondent, by physical delivery to the respondent, with a notice of petition dated May 15, 2023, and a verified petition dated May 12, 2023, and duly filed those papers with this Court together with an affidavit of service. The petition contains three charges of professional misconduct, alleging that the respondent failed to re-register with the Office of Court Administration for three biennial registration periods, as required under Judiciary Law § 468-a and 22 NYCRR 118.1, in violation of rule 8.4(d) of the Rules of Professional Conduct (22 NYCRR 1200.0); failed to cooperate with the lawful investigation by the Grievance Committee into his failure to re-register, in violation of rule 8.4(d) of the Rules of Professional Conduct; and engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of rule 8.4(h) of the Rules of Professional Conduct.
The notice of petition directed the respondent to file his answer to the petition, together with proof of service of the answer upon the Grievance Committee, within 20 days after service upon him of the notice of petition and the petition. Although the respondent re-registered as a retired attorney with the Office of Court Administration on May 23, 2023, for the biennial periods of 2016-2017, 2018-2019, 2020-2021, and 2022-2023, to date, he has neither served nor filed an answer to the petition, as directed, nor requested additional time in which to do so.
The Grievance Committee now moves to deem the charges against the respondent established based upon his default and to impose such discipline upon him as this Court deems appropriate. Although the motion papers were served upon the respondent on July 5, 2023, by mail and email, he has neither opposed the motion nor interposed any response thereto.
Accordingly, the Grievance Committee's motion to deem the charges against the respondent established based upon his default is granted, and the charges in the petition dated May 12, 2023, are deemed established. Given the respondent's current attorney registration status as well as the redress for the prior missed biennial periods, we conclude that the appropriate sanction is a public censure.
LASALLE, P.J., DILLON, DUFFY, BARROS and WAN, JJ., concur.
ORDERED that the motion of the Grievance Committee to deem the charges in the petition dated May 12, 2023, established is granted; and it is further,
ORDERED that the respondent, Kenneth J. Dahl, admitted as Kenneth Joseph Dahl, is publicly censured for his professional misconduct.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court